**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL LUPKOVICH, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> STATE OF NEW JERSEY, et al., : <br> : <br> Respondents. : <br> : | Civil Action No. 11-3507 (MLC) <br><br> **O P I N I O N** |

**APPEARANCES:**

    MICHAEL V. GILBERTI
    EPSTEIN, COHEN & GILBERTI, LLC
    21 East Front Street, Suite 210, Red Bank, New Jersey  07701
    Attorneys for Petitioner

**COOPER, District Judge**

Michael Lupkovich filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, accompanied by a memorandum of law and an appendix, challenging a judgment of conviction filed in New Jersey Superior Court, Monmouth County, on July 30, 1997.  Having thoroughly reviewed Petitioner's submissions and this Court's docket, see Lupkovich v. Cathel, No. 04-5399 (FLW) slip op. (D.N.J. Nov. 14, 2006), certificate of appealability denied, No. 06-5096 (3d Cir. July 24, 2007), and, for the following reasons, this Court will dismiss the Petition for lack of jurisdiction as a successive petition, and deny a certificate of appealability.

        **I.  BACKGROUND**

Petitioner challenges a judgment of conviction filed on July 30, 1997, in New Jersey Superior Court, Monmouth County, Law

Division, after a jury convicted him of capital murder, aggravated manslaughter, possession of a handgun for an unlawful purpose and unlawful possession of a weapon.[1]  The Law Division imposed an aggregate sentence of life imprisonment plus 35 years, with 47.5 years of parole ineligibility.  On May 1, 1998, the New Jersey Appellate Division granted Petitioner's motion for a limited remand to address whether he was entitled to a new trial based on a claim that the State had withheld exculpatory evidence.  After conducting remand hearings, the Law Division denied the motion for a new trial.  Petitioner filed a direct appeal, and on December 18, 2000, the New Jersey Appellate Division affirmed without discussion.  See State v. Lupkovich, No. A-0750-97T4 slip op. (N.J. App. Div., Dec. 18, 2000).  On March 27, 2001, the New Jersey Supreme Court denied certification.  See State v. Lupkovich, 167 N.J. 637 (2001) (table).

   On March 13, 2002, the Law Division filed Petitioner's pro se petition for post conviction relief.  On October 10, 2002, through counsel, Petitioner filed an amended petition.  After conducting an evidentiary hearing, the Law Division denied post conviction relief by Order filed October 25, 2002.  Petitioner appealed, and in an opinion filed May 3, 2004, the Appellate Division affirmed the order denying post conviction relief.  See

---

[1] The judgment of conviction is dated and signed by Paul F. Chaiet, J.S.C., on July 25, 1997, and stamped "filed" on July 30, 1997.  (Docket Entry No. 1-2, p. 15.)

State v. Lupkovich, No. A-2906-02T4 slip op. (N.J. App. Div., May 3, 2004).  On September 10, 2004, the New Jersey Supreme Court denied certification.  See State v. Lupkovich, 181 N.J. 544 (2004) (table).

On November 1, 2004, Petitioner filed his first § 2254 petition challenging the 1997 conviction in this Court.  See Lupkovich v. Cathel, No. 04-5399 (FLW) (D.N.J. docketed Nov. 3, 2004).  After ordering an answer and reply, on November 14, 2006, Judge Freda L. Wolfson dismissed the petition on the merits and denied a certificate of appealability.  On July 24, 2007, the United States Court of Appeals for the Third Circuit denied a certificate of appealability.

On December 20, 2007, Petitioner moved for a new trial based on newly discovered evidence in the Law Division.  (Docket Entry No. 1-2, p. 34.)  By order filed October 10, 2008, Judge Chaiet denied the motion for a new trial.  Petitioner appealed, and on April 23, 2010, the New Jersey Appellate Division affirmed the order denying the motion.  See State v. Lupkovich, 2010 WL 1657561 (N.J. App. Div., Apr. 23, 2010).  On June 30, 2010, the New Jersey Supreme Court denied certification.  See State v. Lupkovich, 203 N.J. 93 (2010) (table).

On June 17, 2011, through counsel, Petitioner filed his second § 2254 Petition ("the Petition") challenging the July 30, 1997, judgment of conviction.  This is the Petition currently before this Court.  The Petition does not expressly set forth a

3

federal claim, but Petitioner argues that he is entitled to a writ of habeas corpus under § 2254 because "The Newly-Discredited Evidence Was Substantial and Unduly Influenced the Jury's Findings of Credibility." (Docket Entry No. 1, p. 19.)

## II. DISCUSSION

### A. Jurisdiction

The Court is guided by the statutes governing a district court's adjudication of a second or successive § 2254 petition.[2] Specifically, § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[3]  Rule 9

---

[2] Jurisdiction is conferred on district courts to issue "a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Although sections 2254 and 2244(b) "refer[] to a habeas 'application,' we use the word 'petition' interchangeably with the word 'application.'" Magwood v. Patterson, 130 S.Ct. 2788, 2791 n.1 (2010).

[3] Once a petitioner moves for authorization to file a second or successive § 2254 application, the Court of Appeals must decide whether there is a prima facie showing that the application satisfies the substantive requirements of § 2244(b)(2). See 28 U.S.C. § 2244(b)(3)(D). See Magwood, 130 S.Ct. at 2796 ("If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court"). Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless:

(continued...)

4

of the Rules Governing Section 2254 Proceedings, entitled "Second or Successive Petitions," similarly provides: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."  28 U.S.C. § 2254 Rule 9.

Thus, § 2244(b)(3)(A) establishes that a District Court lacks jurisdiction over a second or successive § 2254 petition, absent authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place").

The Petition currently before this Court is a "second or successive" habeas application for which Petitioner has not

---

[3](...continued)

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

sought or obtained authorization from the Court of Appeals to file in this Court.[4]  Petitioner's first § 2254 petition was denied on the merits.[5]  Petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court.  As a result, . . . he was required to receive authorization from the Court of Appeals before filing his second challenge.  Because he did not do so, [this] Court [is] without jurisdiction to entertain it."  Burton, 549 U.S. at 153.

**B.   Dismissal or Transfer**

"When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."  Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).  The Petition before this Court does not argue that Petitioner satisfies the gatekeeping requirements of 28 U.S.C. § 2244(b)(2), nor does it mention these requirements or make a prima facie showing.  This Court accordingly declines to transfer the Petition to the Third Circuit as an application for

---

[4] The Petition does not assert that the Court of Appeals has granted authorization pursuant to 28 U.S.C. § 2244(b).  This Court has been unable to locate any request for authorization filed by Petitioner in the Third Circuit Court of Appeals.

[5] A habeas petition is adjudicated on the merits when "a determination [was made] that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (d)."  Gonzalez v. Crosby, 545 U.S. 524, 532 n.4 (2005).

authorization to file a second or successive petition, and will dismiss the Petition for lack of jurisdiction.  Cf. Hatches v. Schultz, 381 Fed.Appx. 134, 137 (3d Cir. 2010) ("In deciding that it would not be in the interest of justice to transfer the petition to the Fourth Circuit, the District Court properly considered whether Hatches had alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law").

**C.   Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition for lack of jurisdiction is correct.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### III.   CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus for lack of jurisdiction and denies a certificate of appealability.

                                       s/ Mary L. Cooper
                                       **MARY L. COOPER**
                                       United States District Judge

Dated:    July 5, 2011